HAGUE and YOSS *vs.* THE INHABITANTS OF WEST HOBOKEN and DOWD.

1. If a purchaser of a tract of land subject to a mortgage given by him for the consideration money, lays out the same in blocks and streets, and sells lots by reference to the map by which it is laid out, and thus dedicates these streets to public use, as against himself, upon a foreclosure sale made under the mortgage, in a suit where such purchaser is a party, the dedication is made void. The purchaser buys free from it.

2. If, after the streets have been opened and used by the public, the mortgagee releases to the mortgagor a block, with its appurtenances, referring to the map, one who had purchased a lot in said block and on such street, and by such purchase had acquired the title of the mortgagor to the middle of the street, or a right of way over it, this release discharges not only the lot, but the half of the street, or the right of way to which the purchaser acquired title, from the lien of the mortgage, and the subsequent foreclosure sale does not affect the title to such street or right of way.

3. The rights that others have acquired, by dedication, from the mortgagor over this street or right of way so released, are not affected by the mortgage sale if not made parties to it.

4. The purchaser of such lot, with the right of way appurtenant, will not, as against the public, be allowed to enclose the land in front of his lot so dedicated, by virtue of a deed given to him by the purchaser at the foreclosure sale for that purpose.

This cause was argued on final hearing, upon the pleadings and proofs.

*Mr. Winfield,* for complainants.

*Mr. J. B. Vredenburgh,* for defendants.

THE CHANCELLOR.

The complainants seek to restrain the township and its contractor from opening Clinton street to the width of seventy-five feet, by which the court yards in front of these dwellings, including the whole front of the block between Paterson street and Hoboken street, would be thrown into the street to the depth of twenty-five feet. The question is whether this strip of twenty-five feet is dedicated to the public, so that the township authority have the right to take it without compensation.

Browning, who laid out the village of West Hoboken, bought the tract on which the premises in question are situate, of Traphagen, on the 1st of December, 1835, and gave back a mortgage for part of the consideration, which was foreclosed, and the property conveyed back to Traphagen by the sheriff on the foreclosure sale, by deed dated April 8th, 1841. Browning, by a map made in 1836, and filed in the county clerk's office on the 9th day of May, 1837, laid out this tract together with several other and much larger tracts which he had bought, into blocks, lots, and streets. On the 20th day of September, 1836, Browning conveyed to the complainant Hague, four lots on Clinton avenue and three lots on Paterson avenue on this map, being in block No. 2, and annexed to the deed a diagram of block No. 2 with its division into lots, and the adjoining streets, in which Clinton avenue is called Broad avenue, seventy-five feet wide. Browning, on the 23d of September, 1836, conveyed to Maycock, (through whom the complainant, Yoss, derives title,) four lots in block 2, fronting on Clinton avenue, being the residue of the front of block 2, and annexed to the deed a like diagram. On the 21st of November, 1836, Traphagen released to Browning the block No. 2 on the map, being twenty-eight lots as laid down on the map, from the lien and operation of the mortgage.

Browning, in 1837, conveyed lots laid down on this map to purchasers, and in that year conveyed to Ulysses Savoye

fourteen lots, being the north half of block No. 10 on the map. These lots were not part of the tract conveyed by Traphagen, nor included in the mortgage to him, but were part of a tract purchased of Van Winkle.

The decree for the foreclosure sale and the sheriff's deed both excepted the twenty-eight lots in block 2, released by Traphagen. After the sheriff's deed to him on the 6th day of May, 1843, Traphagen, by two deeds, conveyed to Hague and Maycock respectively, a strip of twenty-five feet on Clinton avenue next adjoining their lots, which is the strip in question in this case.

The making and filing this map and selling lots by reference to it, is a dedication of the streets laid out to the public, so far as Browning, or title derived from him, is concerned. Acceptance by the proper public authority is also necessary, in order to make the public liable for maintaining the streets in good order. But the proper authorities may accept the dedication at any time afterwards. *Trustees* v. *Hoboken*, 4 *Vroom* 13.

The township being the municipal authority charged with the repair and opening of streets and highways, have, through their proper officers, directed this street to be opened and widened to its original width, and employed the defendant, Dowd, to make the improvement. The township is the proper authority to accept this dedication, and its direction to open and improve the street is an acceptance of it.

When Browning conveyed to Hague and Maycock, in 1837, the map had been made laying out Clinton avenue seventy-five feet wide. It was actually opened as a street and used as such by the public before the conveyance to them, and remained open and used as such to the width of seventy-five feet, designated by fences on each side from Paterson street below block No. 2 for several blocks above and north of it, until 1843, when the strip of twenty-five feet in front of this block was enclosed. Clinton avenue then, at the time of this purchase, and for six years afterwards, was a public

road for every purpose, except burdening the township with keeping it in repair. It is a settled principle that a conveyance of land bounded on a street conveys the fee to the middle of the street, and these deeds by Browning thus conveyed the fee to the middle of the street; and without this principle they created and granted the right or easement annexed to these lots, of using Clinton avenue as a way for access to the public highways in the vicinity. When Traphagen released these lots with the appurtenances from the lien of his mortgage, he released also the land to the middle of the street that passed with his deed, and also the right of way over the dedicated street that was appurtenant to the lot. This is not only the legal effect of the release, but must have been so understood and intended by Traphagen, for the release refers to the map and describes the lots released by the numbers laid down on the map, and recites that these lots had been conveyed to Hague and Maycock; and it would have been of little use to them to release the lots, if the mortgagee could have shut up the street by which access was had to them. And a release by a mortgagee of lots described by a reference to a map on which streets are laid out, must be held by the same rule as a conveyance by the owner of the fee, to convey the land to the middle of the street.

Then this strip being released from the mortgage by Traphagen, did not pass to him by the sheriff's deed, and he could give no title to it by his deeds of May 6th, 1843. Hague and Maycock held the title to these lots by the conveyance of Browning and the release of Traphagen in 1837. The deeds by Browning conveyed this strip, subject to the dedication by his map and conveyances thereby. Others besides Maycock and Hague had bought lots on this released block, and Ulysses Savoye, as appears by the proof in 1837, bought fourteen lots—the north half of block No. 10 on this map—which is one block west and two blocks north of No. 2. Block No. 10 is not on the Traphagen tract, but on a tract conveyed to Browning by Van Winkle, and therefore it or its appurtenances were not affected by the foreclosure.

. No dedication by Browning could affect Traphagen's mortgage, but as to the property which was released from his mortgage it remained impressed with the dedication of Browning in favor of Savoye and the other purchaser from him, for whom the township defendant, as the proper municipal authority, now that it is ready and willing to assume the responsibility, is entitled to call upon the complainants to surrender the strip of land for the object for which it was dedicated—a public highway—and that without any compensation. The title or fee in the land subject to the use of it by the public, will be retained by the complainants.

The bill must be dismissed.